# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY WOODS, | : | CIVIL NO. 1: 12-CV- 178 |
| Petitioner, | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WARDEN FRANK STRADA, | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I.  Introduction

This habeas corpus petition invites the Court to address a series of legal questions regarding the application of the Second Chance Act, a 2008 federal statute which provides prison officials with greater discretion in assisting inmates in making the transition back into society by permitting prison officials to place inmates in Residential Re-entry Centers (RRC) up to 12 months before they are released from custody. Although Woods invites us to reach and resolve all of these legal issues, he extends this invitation to us without awaiting a final decision by the Bureau of Prisons on his Residential Re-entry placement. Thus, Woods' petition raises questions concerning when a dispute regarding a proposed RRC placement decision becomes ripe and subject to resolution by the Court.

1

With respect to this question of whether Woods' dispute is ripe when prison official have not yet made any determination of his putative release date under the Second Chance Act, in this case it is recommended that the Court decline Woods' invitation to address these legal issues in the abstract since this petition is premature and it is well-settled that a federal inmate who wishes to bring a habeas corpus petition based upon an alleged failure by prison staff to comply with the Second Chance Act must first await a final agency RRC placement decision.

## II.  Statement of Facts and of the Case

The petitioner, Gregory Woods, is a federal inmate who was initially sentenced on November 30, 2009, by the United States District Court for the Middle District of Pennsylvania to a 144-month term of imprisonment, and 3 years of supervised release following his conviction for possession with intent to distribute cocaine base (crack) and cocaine (count 12), in violation of 21 U.S.C. § 841(A)(1). (Doc. 10, Declaration of Amy Forua Ex. 1, ¶ 3.) Currently, allowing for accrual of good time credits, Woods is scheduled to be released on May 3, 2016, at least three and one-half years in the future. (Id., ¶ 4.)

With respect to the issue which lies at the heart of this habeas corpus petition, Woods' concerns about his future Residential Re-entry Center (RRC) placement, the current practice of the federal Bureau of Prisons is that recommendations for RRC

placements are ordinarily reviewed with the inmate and the prison Unit Team 17-19 months before each inmate's probable release date. (Id., Foura Decl. Ex. 1, ¶ 6; Attach. 1.) Referrals to the Community Corrections Manager ("CCM") are then completed approximately two (2) months prior to the inmate's expected delivery date and the completed referral packet should be forwarded to the CCM at least 60 days prior to the maximum recommended range or date. (Id. ¶ 7; Attach. 2.)

These recommendations and referrals are based on a host of factors, including an assessment of inmate needs for services, public safety concerns, and the necessity of the Bureau to manage its inmate population responsibly. (Id.) Thus, when assessing an inmate's RRC placement schedule, the Unit Team must also examine the resources of the placement facility, the resources available to the inmate in that area, the nature and circumstances of the inmate's offense, the history and characteristics of the inmate, and any pertinent policy statements issued by the U.S. Sentencing Commission. (Id. 8.) In addition, the inmate's institutional programming must be reviewed, separately and apart from 18 U.S.C. § 3624(c), to determine whether additional RRC time is warranted as an incentive under 42 U.S.C. § 17541. (Id. ¶ 9.)

None of these factors can be examined and determined in the abstract more than three years prior to the scheduled time for the inmate's reintegration into society. Rather, these decisions involve an informed assessment of this array of factors at the

time that a prisoner is approaching the end of his sentence. This simple principle has direct application here. Since Woods still must serve approximately 41 months on his current sentence before he attains his scheduled release date, his undischarged term of imprisonment is far beyond than 17-19 month period which typically triggers RRC -placement decisions. Accordingly, prison official have not yet assessed Woods' RRC placement schedule, and his RRC eligibility has not been reviewed or referred to the Warden. (Id. ¶ 10.) Therefore, in this case, Woods has filed a habeas corpus petition which seeks to challenge a decision that Woods anticipates will be made in future, at a time when that final decision has not yet been made by the Bureau of Prisons.

Woods filed the instant petition on January 31, 2012, in the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) In this petition Woods challenges what he anticipated would be the Bureau of Prisons' implementation of the Second Chance Act provisions relating to the placement of inmates into community corrections centers, as well as what he expects to be the BOP's method of determining his eligibility for a community confinement facility in his case. (Id.) The respondents have responded to this petition by noting that Woods has not yet been considered for placement in this program, and argue that his petition is, therefore, premature and procedurally inappropriate. This issue has been fully briefed by the parties (Docs. 1, 7, 10, 11.) and is now ripe for disposition. For the

4

reasons set forth below, it is recommended that the Court dismiss this petition as premature.

### III. Discussion

#### A. Woods' Petition Is Not Yet Ripe

In this case Woods' habeas corpus petition is procedurally flawed. Specifically, these claims are not yet ripe for adjudication since the Bureau of Prisons has not yet made an RRC placement decision in Woods' case. The ability of the courts to address a petitioner's concerns is entirely dependent upon the existence of some genuine, currently justiciable case or controversy between the parties to litigation. Thus, a ripe dispute is an essential prerequisite to any exercise of judicial authority. As this Court has observed:

> "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Standing provides "justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The Supreme Court has described three elements that comprise the "irreducable constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A plaintiff must first "have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural or hypothetical.' " Id. (quoting Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Next, the injury suffered by the plaintiff must by causally connected to the conduct of

> which the plaintiff complains: "the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the court.' " Id. (quoting Simon, 426 U.S. at 41-42). Finally, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " Id.

Griffin v. Holt, No. 08-1028, 2008 WL 5348138, at *2 (M.D.Pa. Dec. 17, 2008).

In the context of inmate federal habeas corpus petitions, like the petition filed here by Woods, which challenge RRC program placement decisions, the basic requisites which define a ripe, justiciable dispute can be readily defined: Such a petition is not ripe until a final RRC placement decision is made. Therefore, where, as here, a prisoner seeks judicial intervention in the RRC placement process before a final placement decision has been made, this habeas petition must be dismissed since the petition is premature and does not present a justiciable case or controversy. See, e.g., McDowell v. Scism, No. 10-2187, 2011 WL 184013 (M.D. Pa. Jan. 20, 2011); Stanko v. Ebbert, No. 09-2180, 2010 WL 1805387 (M.D. Pa. May 5, 2010)(McClure, J.); Calloway v Warden, No. 08-544, 2009 WL 1925225 (D.Ore. July 1, 009); Sass v. Thomas, No. 08-300, 2009 WL 2230759 (D.Ore. July 23, 2009); Griffin v. Holt, No. 08-1028, 2008 WL 5348138 (M.D.Pa. Dec. 17, 2008).

Indeed, the United States Court of Appeals for the Third Circuit has repeatedly expressly held that an inmate may not bring a habeas challenge to an anticipated Second Act Chance decision prior to final agency action by the Bureau of Prisons.

6

Porter-Bey v. Bledsoe, 456 F. App'x 109, 110-11 (3d Cir. 2012); Stanko v. Obama, 393 F.App'x 849 (3d Cir. 2010). As the appellate has recently, and aptly, observed in this regard:

> Courts enforce Article III's case-or-controversy requirement through several justiciability doctrines, one of which is ripeness. See Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Engineers, 580 F.3d 185, 190 (3d Cir.2009). "The ripeness doctrine determines 'whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.' " Id. (quoting Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir.2003)). A claim is not ripe for adjudication if it rests on some contingent future event. Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998). [A petitioner] may resort to federal habeas corpus to challenge a decision to exclude him from release to a RRC, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243–44 (3d Cir.2005), but the record in his case establishes, just as the District Court concluded, that neither a final decision nor a final recommendation has been made. Porter does not dispute that he has not received his final placement decision, and that he has not yet been referred to the appropriate Community Case Manager for RRC placement. Porter also does not contend that the Unit Team's October 2010 recommendation is, in practical effect, the BOP's final word on the subject. Porter's habeas corpus petition thus is not ripe for judicial review. See CEC Energy Co., Inc. v. Public Service Comm'n of Virgin Islands, 891 F.2d 1107, 1110 (3d Cir.1989) (fitness for review depends in part on "whether the decision represents the agency's definitive position on the question.").

Porter-Bey v. Bledsoe, 456 F. App'x 109, 110-11 (3d Cir. 2012).

Therefore, in light of this settled case law, Woods' petition should be dismissed since no final agency action has been taken, and this matter is not yet ripe for resolution by the court.

## IV. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241, IT IS RECOMMENDED that the Petition be DISMISSED, as premature, and that a certificate of appealability should not issue.

The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 18th day of December 2012.

                                                        ***S/Martin C. Carlson***
                                                        Martin C. Carlson
                                                        United States Magistrate Judge