IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY WOODS, | : | |
| | : | 1:12-cv-178 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WARDEN FRANK STRADA, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## January 8, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 12), filed on December 18, 2012, which recommends that Petitioner Gregory Woods' ("Petitioner" or "Woods") 28 U.S.C. § 2241 petition for writ of habeas corpus be dismissed as premature and that a certificate of appealability not issue. Petitioner filed objections to the R&R (Doc. 13) on January 2, 2013. Accordingly, this matter is ripe for our review.

1

For the reasons that follow, the R&R shall be adopted to the extent that we shall dismiss Woods' petition, however we shall do so for reasons different than those stated by the Magistrate Judge in his R&R.

I.  **STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

II.  **DISCUSSION**

On January 31, 2012, Woods filed the instant petition pursuant to 28 U.S.C. § 2241, seeking to "challenge . . . the validity of what the BOP is doing concerning my custody classification and rehabilitation." (Doc. 1, p. 1). Petitioner specifically requested that "a 35-year-old case not be used to place a Public Safety

Factor (PSF) on me. I was found by the court to not have had any participation in the charged conduct in the case in question. The record reflects this fact, but the unit team and the FBOP are still using this 35-year-old case to frustrate and hinder my rehabilitation." (Doc. 1, pp. 6-7). While Woods invokes the Second Chance Act as the basis for his petition, his petition does not contain the "typical" Second Chance Act claim seen by this Court, which is a request for placement in a Residential Re-Entry Center ("RRC") or a challenge to RRC placement denial.

Magistrate Judge Carlson undertook a review of the petition, and within his R&R recommends that the petition be dismissed as premature because Woods must serve approximately 41 more months on his current sentence before he attains his scheduled release date, and RRC placement determinations are not made until about 17 to 19 months prior to the scheduled release date. Thus, the Magistrate Judge's recommendation is based on his interpretation that the claim in Woods' petition is an anticipatory challenge to what he believes will be an adverse RRC placement decision made by the BOP in the future.

Woods objects to the Magistrate Judge's recommendation, asserting that his claim does not concern his future RRC placement, but rather concerns his current custody classification in light of BOP'S consideration of the aforementioned 35-year old conviction. Woods contends that the BOP's consideration of this case in

his custody classification impacts his current prison programming, including drug rehabilitation programs. Thus, Woods contends that the Magistrate Judge's recommendation to dismiss his petition as premature is erroneous.

While we agree with Woods that the actual claim in his petition concerns his current custody classification and not a premature claim about RRC placement concerns, we find, nonetheless that Woods' petition must be dismissed. It is generally well-established in the Third Circuit that "claims concerning the determination of . . . custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition."[1] *Levi v. Ebbert*, 353 Fed. Appx. 681 (3d Cir. 2009)(citing *Leamer v. Fauver*, 288 F. 3d 532, 542-44 (3d Cir. 2002)); *see also Bowens v. United States,* 2011 U.S. Dist. LEXIS 131212, *6-7 (M.D. Pa. 2011). In the instant petition, Woods contests the BOP's use of a prior conviction from 35 years ago in calculating his custody classification. This type of claim, which is clearly a contest to the BOP's custody classification of Petitioner, is not cognizable in a 28 U.S.C. § 2241 petition, and as such, the petition shall be dismissed. An appropriate Order shall issue.

---

[1] We note that for the purposes of this Memorandum we find no distinction between the terms "custody level" and "custody classification," inasmuch as neither are cognizable in a § 2241 petition, particularly based on the facts asserted by Petitioner.